MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RODRIGO ANTONIO ZUNIGA CESPEDES,
*individually and on behalf of others similarly situated,*

      *Plaintiff,*

   -against-

NEWMARK WOOD WORKING GROUP
INC. (D/B/A NEWMARK FURNITURE )
and RON MARKS ,

      *Defendants.*
--------------------------------------------------------X

Case no. 20-cv-2464

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Rodrigo Antonio Zuniga Cespedes ("Plaintiff Zuniga" or "Mr. Zuniga"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Newmark Wood Working Group INC. (d/b/a Newmark Furniture ), ("Defendant Corporation") and Ron Marks, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

  1. Plaintiff Zuniga is a former employee of Defendants Newmark Wood Working Group INC. (d/b/a Newmark Furniture) and Ron Marks.

  2. Defendants own, operate, or control a furniture factory, located at 300 Dewitt Avenue, Brooklyn, New York, 11236 under the name "Newmark Furniture".

3. Upon information and belief, individual Defendant Ron Marks, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the furniture factory as a joint or unified enterprise.

4. Plaintiff Zuniga was employed as a master craftsman at the furniture factory located at 300 Dewitt Avenue, Brooklyn, New York, 11236.

5. At all times relevant to this Complaint, Plaintiff Zuniga worked for Defendants without appropriate compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Zuniga appropriately for any hours worked at the straight rate of pay.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Zuniga wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Zuniga to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zuniga and other employees to work without providing the compensation required by federal and state law and regulations.

10. Plaintiff Zuniga now brings this action on behalf of himself, and other similarly situated individuals, for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Zuniga seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Zuniga's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a furniture factory located in this district. Further, Plaintiff Zuniga was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

14. Plaintiff Rodrigo Antonio Zuniga Cespedes ("Plaintiff Zuniga" or "Mr. Zuniga") is an adult individual residing in Queens County, New York.

15. Plaintiff Zuniga was employed by Defendants at Newmark furniture from approximately September 2018 until on or about March 2019.

16. Plaintiff Zuniga consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a furniture factory, located at 300 Dewitt Avenue, Brooklyn, New York, 11236 under the name "Newmark Furniture".

18. Upon information and belief, Newmark Wood Working Group INC. (d/b/a Newmark Furniture) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 300 Dewitt Avenue, Brooklyn, New York, 11236.

19. Defendant Ron Marks is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ron Marks is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ron Marks possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Zuniga, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a furniture factory located in the Canarsie section of Brooklyn in New York city.

21. Individual Defendant, Ron Marks, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Zuniga's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Zuniga, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Zuniga (and all similarly situated employees) and are Plaintiff Zuniga's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Zuniga and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Ron Marks operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Zuniga's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Zuniga, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Zuniga's services.

28. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the furniture factory on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Zuniga is a former employee of Defendants who was employed as a master craftsman. Plaintiff Zuniga seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rodrigo Antonio Zuniga Cespedes*

31. Plaintiff Zuniga was employed by Defendants from approximately September 2018 until on or about March 2019.

32. Defendants employed Plaintiff Zuniga as a Master craftsman.

33. Plaintiff Zuniga regularly handled goods in interstate commerce, such as furniture factory and other supplies produced outside the State of New York.

34. Plaintiff Zuniga's work duties required neither discretion nor independent judgment.

35. From approximately September 2018 until on or about March 2019, Plaintiff Zuniga worked from approximately 7:00 a.m. until on or about 3:00 p.m., Mondays through Fridays (typically 36.65 hours per week).

36. Throughout his employment, Defendants paid Plaintiff Zuniga his wages in cash.

37. From approximately September 2018 until on or about March 2019, Defendants paid Plaintiff Zuniga $25.00 per hour.

38. For the entirety of January 2019, and for two weeks in February of 2019, Defendants paid Plaintiff Zuniga nothing for his work.

39. Plaintiff Zuniga was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

40. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zuniga regarding overtime and wages under the FLSA and NYLL.

41. Defendants did not provide Plaintiff Zuniga an accurate statement of wages, as required by NYLL 195(3).

42. Defendants did not give any notice to Plaintiff Zuniga, in English and in Spanish (Plaintiff Zuniga's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

43. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zuniga (and all similarly situated employees) to work without paying him appropriate  as required by federal and state laws.

- 7 -

44. Plaintiff Zuniga was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

45. Defendants' pay practices resulted in Plaintiff Zuniga not receiving payment for all his hours worked, and resulted in Plaintiff Zuniga's effective rate of pay falling below the required minimum wage rate.

46. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

47. Defendants paid Plaintiff Zuniga his wages in cash.

48. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

49. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Zuniga (and similarly situated individuals) worked, and to avoid paying Plaintiff Zuniga properly for his full hours worked.

50. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

51. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Zuniga and other similarly situated former workers.

52. Defendants failed to provide Plaintiff Zuniga and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

53. Defendants failed to provide Plaintiff Zuniga and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

54. Plaintiff Zuniga brings his FLSA liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

55. At all relevant times, Plaintiff Zuniga and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required willfully failing to keep records under the FLSA.

56. The claims of Plaintiff Zuniga stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

57. Plaintiff Zuniga repeats and realleges all paragraphs above as though fully set forth herein.

58. At all times relevant to this action, Defendants were Plaintiff Zuniga's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Zuniga (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

61. Defendants failed to pay Plaintiff Zuniga (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62. Defendants' failure to pay Plaintiff Zuniga (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff Zuniga (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

64. Plaintiff Zuniga repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Zuniga's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Zuniga, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

66. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Zuniga less than the minimum wage.

67. Defendants' failure to pay Plaintiff Zuniga the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

68. Plaintiff Zuniga was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

69. Plaintiff Zuniga repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants failed to provide Plaintiff Zuniga with a written notice, in English and in Spanish (Plaintiff Zuniga's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and

a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

71. Defendants are liable to Plaintiff Zuniga in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

72. Plaintiff Zuniga repeats and realleges all paragraphs above as though fully set forth herein.

73. With each payment of wages, Defendants failed to provide Plaintiff Zuniga with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

74. Defendants are liable to Plaintiff Zuniga in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

75. Plaintiff Zuniga repeats and realleges all paragraphs above as though set forth fully herein.

76. Defendants did not pay Plaintiff Zuniga on a regular weekly basis, in violation of NYLL §191.

77. Defendants are liable to Plaintiff Zuniga in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zuniga respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Zuniga and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Zuniga's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Zuniga and the FLSA Class members;

(e) Awarding Plaintiff Zuniga and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Zuniga and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and damages for

any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zuniga;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Zuniga;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Zuniga's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Zuniga;

(k)     Awarding Plaintiff Zuniga damages for the amount of unpaid minimum wage and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Zuniga damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Zuniga liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Zuniga and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Zuniga and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Zuniga demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 1, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*