# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

August 12, 2022

**VIA ECF**

Hon. Vera M. Scanlon
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: 20-cv-02464, *Zuniga Cespedes v. Newmark Wood Working Group Inc.* et al

Your Honor:

This firm represents Plaintiffs in the above-referenced matter (the "Action"). We make this submission in response to the Court's order of August 3, 2022 requesting briefing on the issue of the Plaintiff's Article III standing to bring claims pursuant to the New York Labor Law's Notice and Recordkeeping requirements, NY CLS Labor §§195(1)( and 195(3).

*Background*

The Plaintiff brought the instant case under the FLSA, 29 USC § 201 *et seq.*, and related New York Labor Law violations stemming from his former employer failing to pay him for work performed at a Brooklyn woodworking shop. The Court has jurisdiction over his federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over his New York state law claims under 28 U.S.C. § 1367(a). The Defendants have defaulted in this case by failing to file an answer or otherwise respond to the Complaint or Amended Complaint.

*Article III Standing*

The elements of Article III standing are: "(1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.,* 19 F.4th 58, 59 (U.S. 2d Cir. 2021). An injury in fact exists where there is "the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." Id. at *9. "[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2204 (2021).

*The Plaintiff in this case suffered concrete damages that the statutes in question were intended to prevent*

The Supreme Court's decision in *TransUnion LLC v. Ramirez* ruled, in pertinent part, that potential class members against whom the defendant credit union violated the Fair Credit Report Act but who did not suffer actual damages related to these violations did not have standing to bring their claims in Federal Court. *TransUnion LLC,* 141 S. Ct. at 2212-2213 ("In sum, the 6,332 class members whose internal TransUnion credit files were not disseminated to third-party businesses did not suffer a concrete harm. By contrast, the 1,853 class members (including Ramirez) whose credit reports were disseminated to third-party businesses during the class period suffered a concrete harm.") The Court explicitly allowed for a class of plaintiffs – those who suffered the harm that the FRCPA was intended to prevent - to proceed.

Similarly, the Second Circuit determined in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.* the Court ruled that the Plaintiffs did not have Article III standing where they were able to establish that the defendant bank had violated a statutory requirement that mortgage lenders to record satisfactions of mortgage within thirty days of the borrower's repayment, but did not establish that they suffered actual damages of the sort that this statute was intended to prevent. Maddox, *supra,* at 65-66 ("However, the Maddoxes must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief.") The Court also noted that "As a threshold issue, we decided that a state legislature, like Congress, has the power to create legal interests whose violation can satisfy Article III standing." *Id* at 6.

Both *TransUnion* and *Maddox* dealt with reporting regulations on financial institutions where the violation of regulation presented the risk of, but did not result in, concrete harm. The Plaintiff submits that wage and hour law is tangibly different, and the instant case has sufficiently alleged a concrete injury related to the statutory violation. The Second Circuit has stated that, "…an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016), *cited by Ctr. for Biological Diversity v United States EPA*, 542 F Supp 3d 232 (SDNY 2021)(dismissing case where plaintiff failed to allege concrete damages in conjunction with his statutory claims).

In this case, the Plaintiff suffered concrete damages in the form of unpaid wages, set forth with particularity in the pleadings and Plaintiff's pending default motion. These damages are alleged under the Fair Labor Standards Act, as well as the New York Labor Law. The statutory requirements in question were introduced as part of the Wage Theft Prevention Act, codified as NY CLS Labor § 195 *et seq.*, intended to prevent employers from underpaying their employees. *See* 2009 N.Y. S.N. 8380. Plaintiff contends that the New York Legislature (who, per *Maddox,* can confer a legal interest whose violation may give rise to Article III standing, much like the U.S. Congress) conferred the procedural right to employees be given notice of the certain terms of their employment and statements of their wages, in furtherance of employees' concrete interest in being paid properly for their work. The requirements were enacted as a part of a bill

explicitly entitled the "Wage Theft Prevention Act" – identifying "wage theft" as the ill which the whole of the bill sought to cure. Other provisions in this legislation include raising the liquidated damages from 25% to 100% of a worker's back wages and making this penalty mandatory rather than discretionary, and enacting escalating civil penalties for repeated failures to comply with Labor Commission orders. *Id.* In the instant case, Mr. Zuniga has pled that he indeed suffered theft of his wages. Similar to the group of plaintiffs in *TransUnion* who suffered both procedural and concrete damages were permitted to proceed with their case (*TransUnion* at 2213), the Plaintiff in the instant case should similarly be permitted to seek these procedural damages alongside his concrete ones.

*This Court has granted judgment for NYLL statutory violations post-*TransUnion

While a handful of cases decided in this District have interpreted the *TransUnion* ruling to conclude that Plaintiffs in FLSA cases do not have Article III standing to pursue claims under NY CLS Labor §195 (1) and (3)[1], this reading of the law is by no means universal. Indeed, even since the *TransUnion* decision was handed down on June 25, 2021, multiple judges in this district have granted such damages under circumstances similar to the instant case. *See, e.g. Black v 7714 Entertainment, Corp.,* 2022 US Dist LEXIS 136586 (2022), *Brito v Marina's Bakery Corp.*, 2022 US Dist LEXIS 53351 (2022), *Santos v Cancun & Cancun Corp*, 2022 US Dist LEXIS 29867 (2022), *Lamar v A&O Bros. Corp.*, 2022 US Dist LEXIS 19268 (EDNY 2022), *Williams v Miracle Mile Props. 2 LLC,* 2022 US Dist LEXIS 19826 (EDNY 2022), *Caltenco v G.H. Food,* 2021 US Dist LEXIS 188908 (EDNY 2021, *Shen v Gj Group United States*, 2021 US Dist LEXIS 171562 (EDNY 2021). Absent a ruling by the Second Circuit on this issue, the weight of authority in the Eastern District of New York currently militates in favor of finding that this Court has jurisdiction over the Plaintiff's claims under NY CLS Labor §§195(1) and (3).

*Conclusion*

For the reasons set forth above, the Plaintiff respectfully request that the Court find in his favor regarding the third and fourth claims in the Complaint.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

*/s/ Clela Errington*
Clela Errington, Esq.

---

[1] In *Garrido v House of Salads One LLC*, 2022 US Dist LEXIS 58496, (EDNY 2022) the Court determined that it lacked subject matter jurisdiction over the NYLL 195(1) and (3) claims due to Plaintiffs' lack of standing. (*Garrido* at *18. In the instant case, the Plaintiff has alleged that the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). *Francisco v NY Tex. Care, Inc.*, 2022 US Dist LEXIS 55633 (EDNY 2022) ruled that a class could not be certified on NYLL statutory claims where the Defendants had allegedly provided notices that were technically improper, as it was not clear that the potential class members suffered damages as a result.