UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RODRIGO ANTONIO ZUNIGA CESPEDES,      :
individually and on behalf of others similarly      :
situated,      :
       :                    **ORDER**
       :
     Plaintiff,      :          20 Civ. 2464 (RPK) (VMS)
       :
    -against-      :
       :
NEWMARK WOOD WORKING GROUP INC.,  :
d/b/a NEWMARK FURNITURE, and      :
RON MARKS,      :
       :
     Defendants.      :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

  Plaintiff Rodrigo Antonio Zuniga Cespedes ("Plaintiff") brings this action on behalf of himself and on behalf of others similarly situated against Defendants Newmark Wood Working Group Inc. d/b/a Newmark Furniture ("Newmark") and Ron Marks ("Mr. Marks," collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law ("NYLL") § 190 et seq. and § 650 et seq.

  Before the Court, on referral from the Honorable Rachel P. Kovner, is Plaintiff's motion for default judgment. See ECF Nos. 44-46. Plaintiff's motion is denied because 1) the Amended Complaint fails to allege sufficient facts to make out a violation of the FLSA given the contradictory allegations in Paragraphs 37 and 38, and because of the failure to allege either individual or enterprise coverage under the FLSA; 2) Plaintiff submitted a Declaration and damages chart in support of damages that is inconsistent with the Amended Complaint such that the Court cannot precisely calculate damages; 3) Plaintiff requests attorney's fees for Mr. Faillace despite his suspension from the practice of law in this District without an explanation as to why the request should be granted; and 4) Plaintiff failed to submit a memorandum of law in

1

support of his motion as required by the Local Civil Rules.  Within thirty days of the date of this Order, Plaintiff may file a second amended complaint to rectify the pleading deficiencies discussed herein.

## I.   PROCEDURAL BACKGROUND

Plaintiff commenced this action in June 2020.  See ECF No. 1.  After Plaintiff filed summonses returned executed as to both Defendants, see ECF Nos. 7, 9, Defendants failed to answer or appear, and the Clerk of the Court granted Plaintiff's request for an entry of default against Defendants, see ECF Nos. 10-11, 14.  Plaintiff thereafter filed a motion for default judgment, and the Court scheduled a conference to discuss the application.  See ECF Nos. 15-16.  As relevant here, the Court stated that the conference would be used to address, among other things, 1) whether Plaintiff's original complaint sufficiently pleaded that Plaintiff was a non-exempt employee under the FLSA in light of the FLSA's creative-professional exemption and Plaintiff's allegation that Defendants employed him as a "master craftsman"; 2) whether Plaintiff's complaint sufficiently pleaded an FLSA minimum-wage claim; 3) whether the Court had subject matter jurisdiction over the action; and 4) whether Plaintiff had complied with a service rule under Local Civil Rule 55.2.  See ECF No. 17.  In response, Plaintiff moved to withdraw his motion for default judgment and requested leave to file an amended complaint.  See ECF No. 18.  Defendants did not appear at the scheduled conference, and the Court granted Plaintiff's motion to withdraw his default-judgment motion and to replead his complaint.  See Order dated 6/2/2021.

Plaintiff thereafter filed his Amended Complaint, which is presently the operative pleading.  See ECF No. 21.  In Plaintiff's Amended Complaint, he brings one FLSA claim and four NYLL claims.  See id. ¶¶ 57-77.  Plaintiff's claims allege that:

2

1.  Defendants failed to pay Plaintiff the minimum wage required by Section 206(a) of the FLSA, see id. ¶¶ 57-63;

2.  Defendants failed to pay Plaintiff the minimum wage required by Section 652(1) of the NYLL, see id. ¶¶ 64-68;

3.  Defendants failed to provide Plaintiff with a written notice in English and Spanish containing information that included, inter alia, his rate of pay and regular pay day as required by Section 195(1) of the NYLL, see id. ¶¶ 69-71;

4.  Defendants failed to provide Plaintiff with an accurate wage statement with each payment of wages as required by Section 195(3) of the NYLL, see id. ¶¶ 72-74; and

5.  Defendants failed to pay Plaintiff on a regular weekly basis as required by Section 191 of the NYLL, see id. ¶¶ 75-77.

Of relevance to the present motion is Plaintiff's description of the alleged wage-and-hour violations.  The first Complaint contained the following factual allegations in support of this claim:

> 35. From approximately September 2018 until on or about March 2019, Plaintiff Zuniga worked from approximately 7:00 a.m. until on or about 3:00 p.m., Mondays through Fridays (typically 36.65 hours per week).
>
> 36. Throughout his employment, Defendants paid Plaintiff Zuniga his wages in cash.
>
> 37. From approximately September 2018 until on or about March 2019, Defendants paid Plaintiff Zuniga $25.00 per hour.
>
> 38. However, Defendants only paid Plaintiff Zuniga a portion of the wages they owed him each week.
>
> 39. As a result, Defendants owe Plaintiff Zuniga approximately $5,200 in unpaid wages for his work[.]

ECF No. 1 ¶¶ 35-39.  Paragraphs 36 and 37 contradict Paragraph 38, but Paragraph 39 does draw the conclusion that wages are owing.  The relevant text in the Amended Complaint reads as follows:

> 35. From approximately September 2018 until on or about March 2019, Plaintiff Zuniga worked from approximately 7:00 a.m. until on or about 3:00 p.m., Mondays through Fridays (typically 36.65 hours per week).
>
> 36. Throughout his employment, Defendants paid Plaintiff Zuniga his wages in cash.
>
> 37. From approximately September 2018 until on or about March 2019, Defendants paid Plaintiff Zuniga $25.00 per hour.
>
> 38. For the entirety of January 2019, and for two weeks in February of 2019, Defendants paid Plaintiff Zuniga nothing for his work.

ECF No. 21 ¶¶ 35-38.  These allegations cannot support a violation of either the FLSA or NYLL with regard to unpaid wages because Paragraphs 36 and 37 contradict Paragraph 38, and there are no additional factual allegations that draw the conclusion that some wages remain unpaid.

Plaintiff again filed summonses returned executed against Defendants, and Defendants failed to answer or appear.  See ECF Nos. 26, 28.  Meanwhile, the Court scheduled two additional conferences (one pertaining to Plaintiff's prior counsel's motion to withdraw) for which the Court and Plaintiff's counsel mailed notice to Defendants at their last-known addresses.  See ECF Nos. 29, 31-32; Orders dated 11/2/2021, 11/10/2021.  The Court notes that its mailing to Newmark was returned as undeliverable.  See, e.g., ECF No. 34 (Newmark). Defendants did not answer or appear, and they did not appear at the conferences.  See Minute Entries dated 11/29/2021, 12/14/2021.  The Court granted Plaintiff leave to request an entry of default and to file a renewed motion for default judgment.  See Order dated 12/14/2021.  Notice of the Order and docket were mailed to Defendants by the Court.  See id.  The Court notes that its mailings to Defendants were returned as undeliverable.  See, e.g., ECF Nos. 33 (Newmark), 36 (Mr. Marks), 40 (Mr. Marks).  Plaintiff requested, and the Clerk of the Court made, an entry of default against Defendants.  See ECF Nos. 41-43.

4

Plaintiff then filed the instant motion for a default judgment.  See ECF Nos. 44-46.  In support of the motion, Plaintiff submitted a Declaration that included the following statements that are partially inconsistent with the Amended Complaint:

> 11. From approximately September 2018 until on or about March 2019, Plaintiff Zuniga worked from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Fridays (typically 40 hours per week).
>
> 12. At all times, Defendants paid me in cash.  I was not provided with any kind of wage statement, receipt, or payment slip when they paid me.
>
> 13. Defendants agreed to pay me $25.00 per hour for my work.  However, for the entirety of January 2019, and for two weeks in February of 2019, Defendants paid me nothing for my work.

ECF No. 45-6 ¶¶ 11-13.  This Declaration conflicts with the Amended Complaint in at least two ways: 1) In the Declaration, Plaintiff describes different working hours from those in the Amended Complaint and now includes an extra half hour of work a day; and 2) Plaintiff claims that for approximately six weeks, he was not paid.  Id.  These allegations were restated in the Declaration of Plaintiff's Attorney, Clela Errington.  ECF No. 45 ("Errington Decl.") ¶¶ 20-23.

In the default-motion submission, Plaintiff also includes a damages chart that allegedly sets forth the wages he should have been paid during his employment.  ECF No. 45-7.  The chart includes an error in that it lists two pay periods as including the date February 15, 2019.  Id. Although a small error, it highlights the difficulty the Court would have in calculating damages based on Plaintiff's description of his allegedly unpaid employment for two weeks in February when Plaintiff claims that he worked Monday to Friday.  ECF No. 45-6 ¶¶ 11, 13.  The record is unclear as to whether Plaintiff is claiming that he was not paid from Friday, February 1st through Thursday, February 14th; from Monday, February 4th through Friday, February 15th (as suggested by the chart at ECF No. 45-7); or according to some other interpretation of the February 2019 calendar.  In the same vein, even a calculation of unpaid January 2019 wages would be confusing

5

to perform based on the current record because January 1st was a Tuesday, so it is unclear

whether Plaintiff was paid for the first week in January which would have included Monday,

December 31st, or if the nonpayment of wages started on January 7th, the first full week in

January.  The Errington Declaration, with which the damages chart was submitted, claims that

the chart includes the damages calculation for Plaintiff, showing that he is owed $6,000 in

unpaid wages, Errington Decl. ¶¶ 34-38, although the chart does not, in fact, contain these

calculations.  See ECF No. 45-7.

As noted above, Plaintiff did not submit a memorandum of law as required by the Local

Civil Rules.  Instead, the Errington Declaration includes some legal analysis and cases, but it

does not address in any detail the legal issues presented by Plaintiff's claims, such as the basis

under the FLSA for a minimum-wage claim given Plaintiff's wage of $25.00 per hour, if

Plaintiff is pursuing this claim; and the proper scope of Plaintiff's notice and statement claims

given the limited time period for which he claims in his Declaration that he was not paid.  In

addition, the Errington Declaration states that Plaintiff is requesting attorney's fees to be paid for

legal work performed by Michael Faillace, Errington Decl. ¶ 55, although he has been suspended

from the practice of law in this District.  This Declaration does state that funds will not be

distributed to Mr. Faillace without an order from the Court, id. ¶ 55 n.1, but it does not explain

why such hours are compensable.

The default motion was referred to the undersigned.  Order dated 3/1/2022.[1]  On August

3, 2022, the Court entered an Order for Plaintiff to submit briefing as to whether Plaintiff had

---

[1] Pursuant to 28 U.S.C. § 636(b), a magistrate judge may "hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).  "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  Fed. R. Civ. P. 72(a).  Because this Court concludes that

Article III standing as to the third and fourth claims in his Amended Complaint which allege wage-notice and wage-statement violations under the NYLL, in light of case-law developments since this action was started, including TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), and Maddox v. Bank of New York Mellon Trust Co., N.A., 19 F.4th 58 (2d Cir. 2021).  Order dated 8/3/2022.  On August 12, 2022, Plaintiff submitted a letter arguing that Plaintiff does have standing to assert the state law wage-notice and wage-statement claims in this federal action. ECF No. 47.

## II.    LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the Clerk of the Court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b).  The trial court has "sound discretion" to grant or deny a motion for default judgment.  See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96.

_____

the motion for default judgment should be denied without prejudice and with leave to file a second amended complaint, the disposition of this motion is not dispositive of any party's claim or defense.  The Court thus proceeds by Order rather than by Report and Recommendation.

A party's default constitutes a concession of all well-pleaded allegations, except for those relating to damages.  See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (further citation omitted).  "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. at 114 (quoting Iqbal, 556 U.S. at 679).  As to damages, the court must conduct an inquiry sufficient to determine the amount of damages to a "reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see Cement & Concrete Workers, 699 F.3d at 232.  Once a defendant is found to be in default, a plaintiff must prove that the compensation he or she seeks relates "to the damages that naturally flow from the injuries pleaded."  Greyhound, 973 F.2d at 159 (citation omitted).  This inquiry may be accomplished by evaluating the detailed affidavits and documentary evidence submitted by the plaintiff or conducting an evidentiary hearing to evaluate the amount of damages to be awarded against a defaulting defendant.  See Fed. R. Civ. P. 55(b)(2); Cement & Concrete Workers, 699 F.3d at 234.  "Rule 55(b) commits this decision to the sound discretion of the district court."  Finkel v. Romanowicz, 577 F.3d 79, 87 (2d Cir. 2009).

III.    **DISCUSSION**

    A.    **Plaintiff Fails To State An FLSA Minimum-Wage Claim**

        1.    **The Amended Complaint Fails To Allege That Plaintiff Was Not Paid Wages**

To establish liability on a minimum-wage claim under the FLSA or the NYLL, a plaintiff must prove that he performed work for which he did not receive the statutory minimum wage, "and that the employer had actual or constructive knowledge of that work.'" Cardenas v. Edita's Bar & Rest., Inc., No. 17 Civ. 5150 (RPK) (RML), 2021 WL 4480570, at *5 (E.D.N.Y. Sept. 30, 2021) (quoting Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018)).  "The FLSA requires employers to 'pay the higher of the federal or state minimum wage applicable during any given time period.'" Id. at *6 (quoting Reyes v. Lincoln Deli Grocery Corp., No. 17 Civ. 2732 (KBF), 2018 WL 2722455, at *5 (S.D.N.Y. June 5, 2018)).  Since 2009, the federal minimum wage has been $7.25 an hour.  See 29 U.S.C. § 206(a)(1).  Since December 31, 2018, the New York minimum wage required large employers (eleven or more employees) to pay each of its employees for each hour worked in the city of New York a wage of not less than $15.00 per hour.  See NYLL § 652(1)(a)(i).  Between December 31, 2018, and December 31, 2019, the New York minimum wage required small employers (ten or less employees) to pay each of its employees for each hour worked in the city of New York a wage of not less than $13.50 per hour.[2]  See id. § 652(1)(a)(ii).

---

[2] The Court notes that because Plaintiff alleges that Defendants employed him in the City of New York, but does not allege that Defendants had eleven or more employees at the relevant time, Plaintiff has established only that New York's $13.50 hourly wage applies to his claim.  Because $13.50 is greater than $7.25, the Court's minimum-wage analysis will proceed using the $13.50 hourly rate.

In assessing whether Plaintiff has made out a claim for liability for unpaid wages or a minimum-wage violation under the FLSA, the Court considers only the Amended Complaint. On review, Plaintiff's claim fails because Plaintiff's Amended Complaint includes inherently contradictory statements as to whether Plaintiff was properly paid his wages.  On the one hand, Plaintiff tries to allege a violation for nonpayment of wages by stating that "[f]or the entirety of January 2019, and for two weeks in February of 2019, Defendants paid Plaintiff Zuniga nothing for his work."  ECF No. 21 ¶ 38.  On the other hand, in paragraph 37, Plaintiff alleges that "[f]rom approximately September 2018 until on or about March 2019, Defendants paid Plaintiff Zuniga $25.00 per hour."  Id. ¶ 37 (emphasis added).  Paragraph 36 is in line with this statement: "Throughout his employment, Defendants paid Plaintiff Zuniga his wages in cash."  Id. ¶ 36. With these statements, Plaintiff negates any wage-and-hour violation because he states that he was paid the agreed-upon wage for the whole period during which he worked for Defendants.

The problem for Plaintiff is that the Court cannot disregard the allegations of Paragraph 37 (and Paragraph 36) in favor of Paragraph 38.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not . . . excuse any defects in the plaintiff's pleading.").  The Court also cannot accept the statements made in the Declarations as a substitute for the allegations in the Amended Complaint or to remedy the defects in the Amended Complaint, as courts in this District have rejected that argument time and time again.  See, e.g., J & J Sports Prods., Inc. v. Abdelraouf, No. 18 Civ. 2547 (ARR) (VMS), 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) ("Plaintiff's assertion that a court may consider documents outside of the pleadings when evaluating a defendant's liability on a motion for default judgment is plainly contradicted by black-letter law."); J & J Sports Prods., Inc. v. Boodram, No. 18 Civ. 5087 (NGG) (SMG), 2019 WL 4463352, at *3 (E.D.N.Y. Sept. 18, 2019) ("To prevail on a motion for

default judgment, the factual allegations in the complaint must themselves be sufficient to establish a right to relief." (internal quotation marks & citation omitted)).

A primary reason for this approach is the Court's interest in fairness to defendants.  A defendant is aware that under the Federal Rules of Civil Procedure, the expanded record of a default-judgment motion is to be considered only as to damages, because the court must conduct an inquiry sufficient to determine the amount of damages to a "reasonable certainty."  Credit Lyonnais Sec. (USA), 183 F.3d at 155.  A default judgment that the court enters "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  A defendant may rely on these rules to make a rational choice not to expend the time and resources needed to litigate a case when the defendant has evaluated the merits of the complaint, or the lack thereof.  For this reason, it would be unfair to change the basis upon which the case is brought and expand the record under consideration to include the default motion in its entirety in assessing whether a plaintiff makes out a cause of action at law.

As the Amended Complaint does not state a claim for his unpaid wages, Plaintiff has not pleaded an FLSA claim for unpaid minimum wages.

## 2. Plaintiff Failed To Sufficiently Plead Enterprise Or Individual Coverage Under The FLSA

The Amended Complaint contains additional pleading deficiencies in that it often simply parrots the FLSA and NYLL.  For example, Plaintiff is required to plead that either individual or enterprise coverage exists under the FLSA.  See Reyes v. Tacos El Gallo Giro Corp., No. 20 Civ. 3474 (EK) (SJB), 2022 WL 940504, at *3 (E.D.N.Y. Jan. 25, 2022), R&R adopted, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022).  In an effort to meet this requirement, Plaintiff pleads bald, conclusory allegations.  For example, Plaintiff states that Defendants had an annual sales volume of not less than $500,000, and that "upon information and belief, Defendants and/or their

enterprise were directly engaged in interstate commerce." See ECF No. 21 ¶¶ 28-29 (enterprise coverage).  "As an example, numerous items that were used in the furniture factory on a daily basis are goods produced outside of the State of New York," and "Plaintiff Zuniga regularly handled goods in interstate commerce, such as furniture factory and other supplies produced outside the State of New York." See id. ¶¶ 29, 33 (individual coverage).  Allegations like this that lack factual business-specific details do not adequately plead this element of an FLSA claim. See, e.g., Tenemaza v. Eagle Masonry Corp., No. 20 Civ. 452 (AMD) (VMS), 2021 WL 8317120, at *7 (E.D.N.Y. July 22, 2021); Payamps v. M & M Convenience Deli & Grocery Corp., No. 16 Civ. 4895 (LDH) (SJB), 2018 WL 3742696, at *4-9 (E.D.N.Y. May 18, 2018), R&R adopted, Order dated 9/12/2018.  Plaintiff thus has not adequately pleaded an FLSA claim.[3]

## B.   Plaintiff Failed To Provide Sufficient Information To Establish The Amount Of Damages Owed, If Any, And Attorney's Fees

### 1.   Damages

As noted above, because Plaintiff has failed to plead an FLSA cause of action, Plaintiff has failed to establish a right to damages.  Even if the Court were now to address Plaintiff's claim for damages for unpaid wages, it would find the current submissions lacking because they conflict with one another.  As discussed in Section I, supra, Plaintiff's Amended Complaint, Plaintiff's Declaration and the Errington Declaration are inconsistent as to the number of hours that Plaintiff worked, and as to the particular dates as to which Plaintiff is claiming in the Declaration that he was not paid wages.  Given this lack of clarity, the Court cannot award

---

[3] Because Plaintiff has failed to state a claim under federal law, the Court declines to address the substance of the state-law claims at this time as it may be that the Court would respectfully recommend that the District Court decline to exercise supplemental jurisdiction if Plaintiff cannot properly plead a federal claim.

damages on this record.  See Hosking v. New World Mortg., Inc., 570 F. App'x. 28, 32 (2d Cir. 2014).

### 2.	Attorney's Fees

Both the FLSA and the NYLL are fee-shifting statutes, entitling a prevailing plaintiff to recover his reasonable attorney's fees and costs.  See 29 U.S.C. § 216(b); NYLL § 198(1-a).  One task that the Court must perform in reviewing an attorney's fee application is to determine whether the hours expended by the plaintiff's counsel and support staff were reasonable.  Although the Court does not conduct a complete review of Plaintiff's application at this time, applying this standard highlights three issues that are not sufficiently addressed in Plaintiff's papers: 1) double billing for certain tasks; 2) the inclusion of work that does not appear to be related to this action; and 3) the request for payment of Mr. Faillace's claimed work on this matter, given his suspension from the practice of law in this District.

### C.	Plaintiff Violated Local Rule 7.1

When making a motion for a default judgment, a plaintiff must follow the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  See Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." (citation omitted)).  Local Civil Rule 7.1 provides that, except for letter-motions, "all motions shall include . . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion[.]"  Local Civ. R. 7.1(a)(2).  Plaintiff's motion fails to comply with Local Civil Rule 7.1.  The omission of a memorandum of law is a meaningful omission and is sufficient in and of itself to warrant denial of the motion for default judgment.  See, e.g., Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc., No. 19 Civ 2759

13

(NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020), R&R adopted, 2020 WL

5577706 (E.D.N.Y. Sept. 17, 2020); Pompey v. 23 Morgan II, LLC, No. 16 Civ. 2065 (ARR)

(PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (citing Cardoza v. Mango King

Farmers Mkt. Corp., No. 14 Civ. 3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept.

1, 2015), R&R adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)), R&R adopted, Order

dated 3/23/2017.

   **D.    Plaintiff Is Granted Leave To Replead**

   "It is well established that a party is not entitled to a default judgment as of right; rather

the entry of a default judgment is entrusted to the sound judicial discretion of the court."

Cablevision of S. Conn., Ltd. P'ship v. Smith, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)

(internal quotation marks omitted) (citing Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610,

615 (2d Cir. 1999)).  Although Plaintiff has not properly pleaded a claim under the FLSA, it

appears from the submission in support of the default-judgment motion that Plaintiff may have a

claim for unpaid wages under the FLSA.  Rather than recommend that the District Court dismiss

Plaintiff's FLSA claim and decline to exercise supplemental jurisdiction over the state-law

claims, as the Court could do, the Court instead denies the default judgment motion and grants

Plaintiff leave to file a second amended complaint.  "Leave to amend a complaint 'shall be freely

given when justice so requires,' and it is 'within the sound discretion of the district court to grant

or deny leave to amend.'"  Paleja v. KP NY Operations LLC, No. 20 Civ. 475 (AT) (KNF), 2021

WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021) (citing McCarthy v. Dun & Bradstreet Corp., 482

F.3d 184, 200 (2d Cir. 2007)), aff'd, No. 21-286, 2022 WL 364007 (2d Cir. Feb. 8, 2022).

E.   **Standing As To The NYLL Wage-statement And Wage-notice Claims May Be Lacking**

The Article III standing question raised by the Court as to the NYLL wage-statement and wage-notice claims requires sophisticated consideration.  In the Court's August 3, 2022 Order, the Court gave a brief overview of the issue.  Here, the Court will describe in some additional detail the standing issue that Plaintiff must consider if Plaintiff repleads a second amended complaint with state-law wage-notice and wage-statement claims.

The NYLL requires employers to provide employees, at the time of hiring, both in English and in the employee's primary language, a notice with the "rate or rates of pay and basis thereof," and the employer's official name, address, and telephone number.  NYLL § 195(1)(a).  An employee who does not receive a wage notice within ten business days of their first day of employment may recover $50.00 for "each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars."  Id. § 198(1-b).  NYLL also requires employers to provide employees wage statements with every payment of wages that list information such as the pay period, names of the employee and employer, the employer's contact information, and the rate and basis for pay.  See id. § 195(3).  An employee who does not receive wage statements with each payment of wages may recover $250.00 for "each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars."  Id. § 198(1-d).

Plaintiff raised his NYLL claims in this federal action.  Under Article III of the United States Constitution, a federal court may only exercise subject matter jurisdiction over cases in which the plaintiff has standing.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  A plaintiff bears the burden of establishing the three "irreducible constitutional minimum" elements of Article III standing, which are that the plaintiff must have "(1) suffered an injury in

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citing Lujan, 504 U.S. at 560-61).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these three elements.  See id.  Last year, in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), the Supreme Court considered allegations that the defendant had violated the Fair Credit Reporting Act by failing to use reasonable procedures, leading to inaccuracies in the plaintiffs' credit files.  With respect to a subset of the plaintiffs whose inaccurate credit reports were never disseminated to third parties, the Supreme Court noted the requirement that a "plaintiff's injury in fact be 'concrete'—that is, 'real, and not abstract.'"  Id. at 2204.  "Central to assessing concreteness," the Supreme Court explained, "is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms[.]"  Id. at 2200.  "For standing purposes, . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law."  Id. at 2205.  "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."  Id.  "No concrete harm; no standing."  Id. at 2214.  Applying TransUnion, the Second Circuit in Maddox v. Bank of New York Mellon Trust Co., N.A., 19 F.4th 58 (2d Cir. 2021), found that the plaintiffs lacked Article III standing to seek statutory damages from a bank for its violation of New York's mortgage-satisfaction-recording statutes.  Although the Second Circuit noted various concrete harms that could flow from the delayed recording of a discharge of mortgage, it

held that the <u>Maddox</u> Plaintiffs lacked Article III standing because they did not allege that they suffered such harms due to the bank's violation.  <u>See</u> <u>id.</u> at 64-66.

Courts have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage-notice and wage-statement claims in federal court.  Some cases have found that the denial of the right to information about one's wages tied to an entitlement to one's unpaid wages is sufficient to satisfy Article III.  <u>See</u> <u>Imbarrato v. Banta Mgmt. Servs., Inc.</u>, No. 18 Civ. 5422 (NSR), 2020 WL 1330744, at *7-8 (S.D.N.Y. Mar. 20, 2020) (finding that the requirement that employers provide wage notices and statements was meant to protect an employee's concrete interest in being paid what he is owed under the NYLL); <u>Hicks v. T.L. Cannon Mgmt. Corp.</u>, No. 13 Civ. 6455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018) (finding that "violation of the procedures created by the relevant provisions of the NYLL . . . are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights and the responsibilities of their employers").  Others have found that the plaintiffs have not or cannot allege an adequate concrete injury to satisfy Article III.  <u>See</u> <u>Sevilla v. House of Salads One LLC</u>, No. 20 Civ. 6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (holding that "it is not clear that [such] policies led to an 'injury' that can be recognized by a federal court" (citations omitted)); <u>Wang v. XBB, Inc.</u>, No. 18 Civ. 7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim." (citation omitted)); <u>Francisco v. NY Tex Care, Inc.</u>, No. 19 Civ. 1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("While those may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical

17

violations led to either a tangible injury or something akin to a traditional cause of action[.]");

Perez v. Postgraduate Ctr. for Mental Health, No. 19 Civ. 931 (EK) (PK), 2021 WL 3667054, at

*7 (E.D.N.Y. Aug. 18, 2021) (finding that the plaintiff lacked Article III standing for a claim

alleging that the content of his wage notices violated the NYLL because of an inaccuracy

because "not all inaccuracies cause harm or present any material risk of harm" (quoting Spokeo,

136 S. Ct. at 1550)).

There is thus the open question here as to whether Plaintiff's pleading sufficiently alleges

a causal relationship between the informational failure alleged and any harm Plaintiff allegedly

suffered.  Any amended pleading must take into account the standing concern.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is denied without

prejudice, and Plaintiff is granted thirty days from the date of this Order to file an amended

complaint that addresses the issues identified in this Order.

Dated:  Brooklyn, New York
        August 17, 2022

*Vera M. Scanlon*

_____
        VERA M. SCANLON
        United States Magistrate Judge